IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>DENNIS SRYNIAWSKI,<br><br>　　　　　　Defendant. | 8:19CR394<br><br>FINDINGS AND<br>RECOMMENDATION |

　　　　This matter is before the Court on the Motion to Dismiss Count II of the Indictment and Request for Oral Argument (Filing No. 27) filed by Defendant, Dennis Sryniawski. Defendant filed a brief (Filing No. 28) supporting the motion and the government filed a brief (Filing No. 33) and exhibit (Filing No. 33-1) opposing the motion. For the following reasons, the undersigned magistrate judge recommends that the motion be denied without oral argument.

## BACKGROUND

　　　　On December 10, 2019, a grand jury charged Defendant in a two-count indictment with cyberstalking and with making interstate extortionate threats. Defendant has moved to dismiss the charge for interstate extortionate threats in Count II, which alleges the following:

> Beginning on or about October 16, 2018, and continuing to on or about October 18, 2018, in the District of Nebraska, defendant, DENNIS SRYNIAWSKI, with the intent to extort from another person, specifically, J.P., a thing of value, transmitted in interstate commerce a communication containing a threat to injure the reputation of J.P., or of another, specifically J.P., a member of J.P.'s immediate family, and a spouse of J.P.. In violation of Title 18, United States Code, Section 875(d).

(Filing No. 1). Both parties discuss the factual basis of the underlying charges in their briefs, which the Court will briefly recount. (Filing No. 28; Filing No. 33). In July 2017, J.P. announced he would be seeking office in the Nebraska Unicameral and became eligible as a candidate for the November 2018 general election. In October 2018, J.P. began receiving anonymous emails indicating the sender had information regarding J.P.'s wife and alleged criminal conduct committed by a member of J.P.'s immediate family, and asked J.P. to drop out of the race. One email to J.P. contained photographic attachments, including a photograph of J.P.'s wife performing a sexual act, and a photograph of one of J.P.'s immediate family member performing a sexual act.

That email was followed by two more emails with the subject lines, "Do We Have Your Attention Now?" and "Are we not entertained?" According to the government, Defendant, who is the ex-husband of J.P.'s wife, admitted to creating the email addresses used to send J.P. the emails. Defendant allegedly admitted to law enforcement that he emailed the photographs to J.P in order to imply that the pictures would be posted publicly if J.P. did not drop out of the campaign, although Defendant stated he did not actually intend to post the images.

Defendant argues Count II must be dismissed for failure to state an offense because it does not provide "sufficient allegations of materiality" against him nor appraise him of the charges. (Filing No. 27; Filing No. 28). Specifically, Defendant argues he exhibited no intent to obtain any property, money, or thing of value from J.P. Defendant contends that a request to drop out of an election is not a thing of value, and therefore the requisite intent to extort did not occur. (Filing No. 28 at pp. 2-3).

## ANALYSIS

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and, for each count, "must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." Fed. R. Crim. P. 7(c)(1). Federal Rule of Criminal Procedure 12(b)(3)(B)(v) provides that a defect in the indictment, such as lack of specificity or failure to state an offense, must be raised by pretrial motion "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3)(B). "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *United States v. Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016)(quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). According to the Eighth Circuit,

> An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

*United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009)(quoting *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (internal quotation marks omitted)). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to

charge the offense for which the defendant was convicted." *Id.* The Court tests the indictment "solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Good*, 386 F. Supp. 3d 1073, 1083 (D. Neb. 2019)(quoting *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)). In other words, the Court does not consider evidence outside of the four corners of an indictment itself when determining if the indictment adequately states an offense. See *id.*

Count II charges Defendant with making interstate extortionate threats, in violation of 18 U.S.C.§ 875(d), which provides:

> Whoever, with intent to extort from any person, firm, association, or corporation, any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to injure the property or reputation of the addressee or of another or the reputation of a deceased person or any threat to accuse the addressee or any other person of a crime, shall be fined under this title or imprisoned not more than two years, or both.

18 U.S.C.§ 875(d). "A person violates § 875(d) if he transmits a communication containing any threat to injure the reputation of a person with intent to extort a 'thing of value' from that person." *United States v. Hobgood*, 868 F.3d 744, 747 (8th Cir. 2017).

Defendant contends Count II fails to state an offense because no money or "thing of value" existed that "Defendant could gain or obtain," and therefore "there can be no "inten[t] to extort," which is an essential element of the crime charged. (Filing No. 28 at p. 1). In particular, Defendant argues a request for a candidate to drop out of an election by a non-candidate is not a thing of value that can be exercised, transferred, or sold. (Filing No. 28 at p. 2)(citing *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393 (2003)(discussing that the crime of extortion under the Hobbs Act requires proof of both deprivation and acquisition of property).

As an initial matter, both parties' briefs refer to the underlying facts and evidence that will be offered at trial. However, on a motion to dismiss for failure to state an offense, the Court considers only the allegations within the indictment itself. Defendant's arguments are directed at the sufficiency of the evidence supporting the charge in the indictment, not the facial validity of the allegations in the indictment. See *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001)("[S]o long as the indictment contains a facially sufficient allegation of materiality, federal criminal procedure does not provide for a pre-trial determination of sufficiency of the evidence.")(internal quotation marks omitted); see *Turner*, 842 F.3d at 604-05 ("A motion is

3

capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion."). Defendant does not argue that the face of the indictment is insufficient, lacking in specificity, or otherwise fails to apprise him of the charge against him. Rather, Defendant argues the evidence itself fails to establish one of the elements of the crime. However, when considering a motion to dismiss, the Court considers whether an indictment "contains facially sufficient allegations," not the sufficiency of the evidence or whether Defendant is ultimately guilty of making an interstate extortionate threat under § 875(d). If after trial Defendant wishes to argue the evidence was insufficient to show he lacked the requisite intent to extort a "thing of value," he can more appropriately raise that argument in a motion for a judgment of acquittal. See Fed. R. Crim. P. 29.

Additionally, the undersigned cannot say that, as a matter of law, a jury should be prohibited from considering whether Defendant's request for J.P. to drop out of the election constitutes an intangible "thing of value" to Defendant. Under § 875(d), a "thing of value" can include both tangible and intangible things. "'[T]he focus of the . . . term is to be placed on the value which the defendant *subjectively* attaches' to what he seeks." Hobgood, 868 F.3d at 747 (emphasis added)(quoting United States v. Petrovic, 701 F.3d 849, 858 (8th Cir. 2012). For example, in *Hobgood*, the Eighth Circuit found sufficient evidence supported a finding that an apology from an ex-girlfriend constituted a "thing of value" to the defendant. Id. In *Petrovic*, the Eighth Circuit found that "a 'sexual relationship' may be an intangible 'thing of value' one intends to extort under § 875(d). Petrovic, 701 F.3d at 858; see also United States v. Nilsen, 967 F.2d 539, 543 (11th Cir. 1992)(concluding that testimony of a government witness in a criminal investigation constitutes a "thing of value"). Therefore, the undersigned rejects Defendant's argument that the "thing of value" sought must be a tangible and transferrable object in order to constitute offense under § 875(d).

In sum, the undersigned finds that Count II of the Indictment alleges with adequate specificity the "unlawful activity" with which Defendant is charged under 18 U.S.C. § 875(d). Count II sufficiently sets forth each of the elements of the charge and tracks the statutory language under which Defendant is charged and fairly informs him of the charge against which he must defend. See United States v. Wearing, 837 F.3d 905, 910 (8th Cir. 2016)("An indictment is ordinarily sufficient if it 'tracks the statutory language.'"). Accordingly, for the foregoing reasons, the undersigned finds Defendant's motion to dismiss should be denied. Upon consideration,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge Brian C. Buescher that Defendant's Motion to Dismiss Count II of the Indictment and Request for Oral Argument (Filing No. 27) be denied.

Dated this 4th day of August, 2020.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

## ADMONITION

Pursuant to NECrimR 59.2, any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.