IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DENNIS SRYNIAWSKI,<br><br>    Defendant. | 8:19-CR-394<br><br>ADOPTION OF<br>MAGISTRATE JUDGE'S<br>FINDINGS AND RECOMMENDATION |

   This matter is before the Court on the Magistrate Judge's Findings and Recommendation, Filing 35, recommending that the Court deny Defendant's Motion to Dismiss Count II of the Indictment. Filing 27. Defendant objected to the Findings and Recommendation on two grounds. Filing 36. First, he objects to the Magistrate Judge's finding that Count II of the Indictment alleges with sufficient specificity the unlawful activity with which Defendant is charged under 18 U.S.C. § 875(d). Filing 36. Second, Defendant objects to the finding that "Defendant's request for J.P. to drop out of the election constitutes an intangible 'thing of value' to Defendant." Filing 36.

   Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a), the Court undertakes a de novo review of the portions of the Magistrate Judge's Findings and Recommendation to which objections have been made. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's Findings and Recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions. For the reasons stated below, the Court overrules Defendant's objections and the Findings and Recommendation is adopted.

### I. BACKGROUND

   J.P. was a candidate for Nebraska Legislature during the 2018 election cycle. Filing 33-1. J.P. was successful in the nonpartisan primary election and was one of the final two candidates to

be considered in the November 2018 general election. Filing 33-1 at 4. In October 2018, the alleged victim and candidate for legislature, J.P., began receiving anonymous emails indicating the sender had compromising information about J.P.'s wife and another of J.P.'s family members. Filing 33-1 at 2. One email to J.P. contained attachments which were photos of J.P.'s wife performing a sexual act which the investigation suggested was taken when Defendant was married to his ex-wife, now J.P.'s wife. Filing 33-1 at 21. The other photograph was a photo of a woman performing a sex act where the photo had been altered by putting the facial features of J.P.'s other family member onto the photo of the woman. Filing 33-1 at 22.

Defendant allegedly admitted sending an email containing those photos because he wanted J.P. to drop out of his campaign for Nebraska State Legislature. Filing 33-1 at 4. Defendant told law enforcement that he wanted J.P. out of the race because he did not believe J.P would make a good candidate for office. Filing 33 at 4. In order to accomplish this goal, Defendant implied that he would post the compromising photos online if J.P. did not end his campaign. Filing 33 at 4. Defendant was indicted for a crime under 18 U.S.C. § 875(d) on December 10, 2019 as a result of this alleged conduct. Filing 1.

**II. DISCUSSION**

An indictment is adequate if "it contains all of the essential elements of the offense charged, fairly informs the defendant of all the charges against which he may defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009) (internal quotation marks omitted) (quoting *United States v. Sewell*, 513 F. 3d 820, 821 (8th Cir. 2008)). Count II of the Indictment charges that:

> Beginning on or about October 16, 2018, and continuing to on or about October 18, 2018, in the District of Nebraska, defendant DENNIS SRYNIAWSKI,

>with the intent to extort from another person, specifically: J.P., a thing of value, transmitted in interstate commerce a communication containing a threat to injure the reputation of J.P. or of another, specifically J.P., a member of J.P.'s immediate family, and a spouse of J.P.

Filing 1 at 1. This is alleged to be in violation of 18 U.S.C. § 875(d).

Defendant contends that as a matter of law requesting someone to drop out of a campaign for public office cannot be a "thing of value." Filing 37 at 1. Defendant's argument is that he could not have intended to extort a "thing of value" if there was no "thing of value." Filing 37 at 1.

The Eighth Circuit Court of Appeals has held that "value is a subjective, rather than objective, concept where 'the focus of the . . . term is to be placed on the value which the defendant subjectively attaches' to what is sought to be received." *United States v. Petrovic*, 701 F.3d 858 (8th Cir. 2012). As correctly noted by the Magistrate Judge, under § 875(d), a thing of value can include both tangible and intangible things. *See id.* at 849 (finding that a sexual relationship may be an intangible thing of value under 18 U.S.C. § 875(d)); *United States v. Nilsen*, 967 F.2d 539 (11th Cir. 1992) (concluding that testimony of a government witness in criminal investigation was a thing of value); *United States v. Hobgood*, 868 F.3d 744 (8th Cir. 2017) (concluding that an apology from an ex-girlfriend constituted a thing of value to the defendant under 18 U.S.C. § 875(d)).

The case of *United States v. Hobgood* is instructive. The defendant, Hobgood, repeatedly contacted his ex-girlfriend KB "by e-mail, threatening that he would injure her reputation by broadcasting that she was an exotic dancer and prostitute, unless KB apologized to him." *Hobgood*, 868 F.3d at 747. "The stipulated facts concerning Hobgood's efforts to secure a *mea culpa* from KB constituted sufficient evidence to support a finding that an apology from KB was a thing of value to Hobgood." *Id.*

Similarly, the facts support the notion that J.P.'s candidacy for elective office can constitute a "thing of value" to defendant Sryniawski. Sryniawski told the investigator he was trying to get J.P. to drop out of the race because he did not believe J.P. would make a good candidate for office. If Defendant was successful in getting J.P. to drop out of the race, he would derive some benefit by preventing someone he did not believe would be a good candidate from being elected.

Further, also relevant to the analysis is the fact that Sryniawski sought to push the husband of his ex-wife out of his legislative race. Indeed, the record reflects that Sryniawski obtained campaign photos of his ex-wife campaigning for her husband. Sryniawski's conduct of threatening to embarrass his ex-wife and another family member to get what he wanted further illustrates that J.P.'s candidacy was of personal importance and therefore was a "thing of value" to Sryniawski.

The Court also rejects the argument that Defendant could not have obtained any value out of ending J.P.'s campaign because Defendant did not live in the district in which J.P. was running for office. If elected to state legislature, J.P. would be part of the unicameral which legislates for the entire state. Defendant lives in the state of Nebraska. Filing 33-1 at 3. Therefore, Defendant would derive a benefit from not having a state senator in office who he did not like.

In addition, citizens frequently donate, volunteer, and advocate for candidates running for offices in localities in which they do not live. Citizens do this because they perceive some value from having individuals they like or share views with elected to public office regardless of whether that person serves in the locality that they live in. Likewise, Sryniawski had the potential to obtain value if he was able to push J.P. out of his legislative race through Sryniawski's threats.

### III. CONCLUSION

The Court finds that Count II of the Indictment sufficiently alleges a violation of 18 U.S.C. § 875(d).

IT IS ORDERED:

1. Defendant's Objections (Filing 36) are overruled;

2. The Government's Response (Filing 38) asking the Court to adopt the Magistrate Judge's Findings and Recommendation is granted;

3. The Court adopts the Findings and Recommendation of the Magistrate Judge (Filing 35) in its entirety; and

4. Defendant's Motion to Dismiss Count II of the Indictment (Filing 27) is denied.

Dated this 10th day of September, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge