IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19-CR-394 |
| vs. | |
| DENNIS SRYNIAWSKI, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's Motion for Release Pending Appeal and to Extend Self-Surrender Date. Filing 109. The government opposes Defendant's motion. Filing 110. For the reasons stated below, Defendant's motion is denied.

This Court sentenced Defendant to twelve months and one day of incarceration on October 20, 2021, following his conviction at a jury trial for Cyberstalking in violation of 18 U.S.C. § 2261A(2)(B). Filing 92; Filing 77. At sentencing, the Court granted the defendant's unopposed motion for self-surrender. Filing 94.

The defendant now asks the Court to grant him release pending appeal or to extend his self-surrender reporting date beyond the ninety days the Court already granted "for a reasonable period of time to enable the Defendant to make arrangements to begin serving his sentence." Filing 109 at 2. In his motion, the defendant states his "appeal is not for the purpose of delay and raises a substantial question of law or fact which the Defendant believes will likely result in a reversal, or an order for a new trial." Filing 109 at 1. He does not specify the substantial question of law or fact he believes is likely to result in reversal or a new trial. Filing 109.

18 U.S.C. § 3143(b)(1)(B) provides in relevant part:

(1)Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment,

1

and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

…

    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

        (i) reversal,

        (ii) an order for a new trial,

        (iii) a sentence that does not include a term of imprisonment, or

        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The burden of establishing entitlement to release pending appeal is on the defendant. *United States v. Powell*, 761 F.2d 1227, 1233-34 (8th Cir. 1985) ("We hold that a defendant who wishes to be released on bail after the imposition of a sentence including a term of imprisonment must first show that the question presented by the appeal is substantial . . . .").

The defendant received a fair trial before a jury of his peers and was found guilty. The Court then sentenced the defendant below the applicable guideline range after considering the factors outlined under 18 U.S.C. § 3553(a) and the defendant's Motion for Departure and Variance, Filing 85. *See* Filing 94. Further, Defendant offers no reason why his appeal is likely to result in reversal, a new trial, or a lower sentence or even what questions of law or fact he intends to raise. *See* Filing 109. Thus, the Court finds the defendant has not established he is entitled to release pending appeal. Accordingly,

  IT IS ORDERED:

1. Defendant's Motion for Release Pending Appeal and to Extend Self-Surrender Date, Filing 109, is denied; and

2. Defendant shall report to serve his sentence as ordered.

Dated this 13th day of January, 2022.

                                              BY THE COURT:

                                              _____
                                              Brian C. Buescher
                                              United States District Judge